[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13161
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cr-00007-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY MCNEAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 17, 2014)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy McNeal appeals his convictions for possession of cocaine base with intent to distribute,[1] possession of marijuana with intent to distribute,[2] and possession of a firearm by a convicted felon.[3] McNeal challenges the district court's admission of his prior drug trafficking convictions, the court's limiting instruction regarding those convictions, and the admission of certain evidence over his authentication and hearsay objections.

I.

McNeal first argues that the district court abused its discretion by admitting evidence of his two prior state-court marijuana convictions. McNeal's federal criminal trial took place in March 2013 following his September 2010 arrest. His first prior conviction was from August 10, 2001, for possession of marijuana with intent to distribute. The second was from November 11, 2002, for sale of marijuana.

We review for an abuse of discretion a district court's admission of evidence under Federal Rule of Evidence 404(b). United States v. Baker, 432 F.3d 1189, 1205 (11th Cir. 2005). A district court abuses its discretion when it rests its

---

[1] 21 U.S.C. § 841(a)(1).

[2] 21 U.S.C. § 841(a)(1), (b)(1)(D).

[3] 18 U.S.C. §§ 922(g)(1) & 924(e).

decision on "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Id. at 1202.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2). To be admissible, evidence of a prior act must (1) be relevant to an issue other than the defendant's character, (2) be sufficiently proven to allow a jury to find that the defendant committed the prior act, and (3) have probative value that is not substantially outweighed by the risk of unfair prejudice or the other risks listed in Federal Rule of Evidence 403.[4] United States v. Sanders, 668 F.3d 1298, 1314 (11th Cir. 2012). Rule 404(b) is a rule of inclusion that "allows extrinsic evidence unless it tends to prove only criminal propensity." Id.

Extrinsic evidence is relevant to show intent — thus satisfying the first prong of Rule 404(b) admissibility — if the state of mind required for the charged and extrinsic offenses is the same. United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007). Entering a not guilty plea "makes intent a material issue" and

---

[4] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"imposes a substantial burden on the government to prove intent, which it may prove [using] qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." Id.  A conviction is sufficient proof that a defendant committed the extrinsic act and satisfies the second prong of the test. United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003).  In making a determination on the final prong, the district court has broad discretion to make "a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, [and] temporal remoteness." Id. (quotation marks omitted).

Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance. Sanders, 668 F.3d at 1314.  Further, we have held that prior drug offenses do not tend to incite a jury to an irrational decision. United States v. Delgado, 56 F.3d 1357, 1366 (11th Cir. 1995).  Although remoteness in time may diminish a prior act's probative value, when a defendant is incarcerated the majority of the time between the prior crime and the current offense the impact of that period on the crime's probative value is itself diminished. United States v. LeCroy, 441 F.3d 914, 926 (11th Cir. 2006).

The district court did not abuse its discretion when it admitted McNeal's prior marijuana convictions.  First, the convictions were relevant to intent, an issue

4

other than McNeal's character, because the state of mind required for the convictions and the current offenses — the intent to distribute a controlled substance — is the same.  See Edouard, 485 F.3d at 1345.  By pleading not guilty to the current offenses McNeal made intent a material issue, and he did not later affirmatively remove that issue from the case.  See id.  Moreover, he acknowledges he challenged the government's evidence of intent to some extent at trial.  Second, the government sufficiently proved McNeal's extrinsic acts by submitting certified copies of his convictions.  See Jernigan, 341 F.3d at 1282.

Finally, McNeal's convictions possessed probative value that was not substantially outweighed by undue prejudice.  The prior convictions and the current offenses were almost identical drug trafficking offenses, making the convictions highly probative of McNeal's intent.  See Sanders, 668 F.3d at 1314.  Although McNeal argues that the prosecutorial need for the evidence was low, the government's evidence of intent was not overwhelming, and McNeal contested the intent element on cross-examination.  The age of the convictions did not substantially diminish their probative value, because McNeal spent more than half of the time between his oldest conviction (August 10, 2001) and the current offenses (September 29, 2010) in prison.[5]  See LeCroy, 441 F.3d at 926.  And the

_____

[5] Specifically, McNeal was in prison for four years and nine months out of the nine years and one month between the offenses.

5

admission of the convictions was not unduly prejudicial, as prior drug offenses do not tend to incite a jury to an irrational decision. See Delgado, 56 F.3d at 1366. The district court did not err when it admitted the evidence of McNeal's prior convictions.

## II.

McNeal challenges the district court's initial limiting instruction, given during the government's case in chief, regarding the evidence of his prior convictions. That initial instruction told the jurors that, if other evidence convinced them beyond a reasonable doubt that he had committed the charged acts, they could consider the prior convictions for intent, motive, opportunity, plan, preparation, or identity, or to determine whether the acts were committed accidentally. Though he did not object at trial, McNeal now contends that the instruction was plainly erroneous. Specifically, he argues that the instruction invited the jury to use the convictions improperly as propensity evidence because the instruction (1) was not limited to the issue of intent, and (2) instructed the jury that Rule 404(b) evidence can be used to prove a defendant's identity.

Where a defendant makes no objection to a jury instruction at trial, we review the instruction for plain error. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). Under plain error review, we reverse where there is "(1) error, (2) that is plain and (3) that affects substantial rights. . . . [and] (4) the

6

error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). District courts have broad discretion in formulating jury instructions, and we will not reverse a conviction on the basis of a jury charge unless "the issues of law were presented inaccurately or the charge improperly guided the jury in such a substantial way as to violate due process." Prather, 205 F.3d at 1270. So long as an instruction accurately expresses the applicable law without confusing or prejudicing the jury, "there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism." United States v. Beasley, 72 F.3d 1518, 1525 (11th Cir. 1996). We have previously held that it is not error to give the Eleventh Circuit pattern instruction on Rule 404(b) evidence. United States v. Dominguez, 661 F.3d 1051, 1072–73 (11th Cir. 2011).

McNeal fails on the first two prongs of the plain error rule because the instruction was not erroneous, much less plainly so. The instruction was essentially the same as the one we approved in Dominguez. See 661 F.3d at 1072–73. It accurately stated the law, in particular instructing the jury not to use the prior convictions to determine whether McNeal committed the charged acts. See Beasley, 72 F.3d at 1525. Although the instruction did not focus solely on intent,

7

nothing in it was inaccurate.  Further, the court's final jury charge[6] removed the reference to the identity use of 404(b) evidence, removing any chance that the initial instruction improperly guided the jury so as to affect McNeal's substantial rights.  See Prather, 205 F.3d at 1270.  For these reasons, the district court's limiting instruction was not error.

## III.

McNeal argues that the district court abused its discretion by admitting a property receipt pursuant to the business-record exception to the hearsay rule.  This receipt listed the chain of custody for several pieces of evidence.

We review a district court's decision to admit business-record evidence only for an abuse of discretion .  United States v. Garnett, 122 F.3d 1016, 1018 (11th Cir. 1997).  The record of a regularly conducted activity is admissible as an exception to the hearsay rule if (1) the record was "made at or near the time by . . . someone with knowledge"; (2) "the record was kept in the course of [an organization's] regularly conducted activity"; (3) "making the record was a regular practice of that activity"; (4) "all these conditions are shown by the testimony of the custodian or another qualified witness"; and (5) "neither the source of

---

[6] "If other evidence leads you to decide beyond a reasonable doubt that the defendant committed the charged acts, you may consider evidence of similar acts done on other occasions to decide whether the defendant had the state of mind or intent necessary for the crimes charged, acted according to a plan or to prepare a [sic] commit a crime, or committed the charged acts by accident or mistake."

information nor the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6). Admission of such records requires evidence sufficient to support the trustworthiness of the document, and to prove that it was prepared in the usual course of business. United States v. Hawkins, 905 F.2d 1489, 1494 (11th Cir. 1990). A "custodian or another qualified witness" is someone who can testify to the record-keeping procedure used. Garnett, 122 F.3d at 1018–19.

The district court did not abuse its discretion by admitting the property receipt. Mark Williams and Sean Ladson, both officers in the Colquitt County Sheriff's Office (CCSO), testified about the receipt's creation and provenance. Ladson testified that he created the property receipt "at the scene of the evidence." Williams testified that the CCSO regularly keeps property receipts and confirmed that the exhibit in this case was such a receipt. See Garnett, 122 F.3d at 1018–19. In addition, persons with knowledge of the evidence transfers made the transfer entries on the receipt at the time of the transfers. See Fed R. Evid. 803(6)(A). For example, Williams testified that he and Ladson updated the receipt when he received the marijuana evidence from Ladson for testing and again when he returned the evidence to Ladson. Although McNeal argues that the source of information and the circumstances of the receipt's preparation indicate a lack of

9

trustworthiness, he points to no specific evidence to support that claim. Accordingly, the district court did not abuse its discretion in admitting the receipt.

IV.

The government, in making its case, introduced into evidence packaged quantities of crack cocaine and marijuana, a pistol, digital scales, a police scanner, and "other alleged accoutrements of the drug trade." McNeal argues that the district court abused its discretion by admitting those items into evidence without establishing a chain of custody or laying an adequate foundation.

We review for an abuse of discretion a district court's evidentiary rulings. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006). A proponent of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The government only needs to present "some competent evidence" to support authentication, and that evidence can be purely circumstantial. United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir. 1990). The government satisfies this burden when it submits "sufficient evidence from which a reasonable inference can be drawn" of the evidence's original acquisition and later custody as well as its connection to the accused and the charged offense. United States v. Sarmiento-Perez, 724 F.2d 898, 900 (11th Cir. 1984); United States v. Garcia, 718 F.2d 1528, 1534 (11th Cir. 1983). Beyond this, proof of the connection of physical evidence with a defendant

10

and gaps in the chain of custody go to the weight, not the admissibility, of evidence.  Sarmiento-Perez, 724 F.2d at 900.

The district court did not abuse its discretion when it admitted the evidence that McNeal claims lacked an adequate chain of custody and foundation.  Through the testimony of CCSO officers Ladson and Williams and the property receipt, the government presented competent evidence to authenticate all of the exhibits that McNeal challenges.  Ladson testified that he was responsible for picking up and logging evidence, sending it for testing, filling out proper paperwork, and making sure the evidence arrived at the court.  Ladson and Williams testified that the items introduced at trial were the same items seized from McNeal's home, identified items in photographs taken at McNeal's home, and testified that the items were in the same or substantially the same condition as when they were seized.[7]  Further, Ladson testified that all of the evidence was stored in his locked office.  Although that office was accessible to other drug-enforcement officers, nothing about the condition of the evidence bags suggested tampering.[8]  The district court did not abuse its discretion in admitting the challenged evidence.

---

[7] Ladson, for example, testified that the crack cocaine "looked exactly how it did that day except for the discoloration because of the age on it now."  McNeal's attorney noted that the cocaine had been "tested, opened, [and] examined," resulting in the evidence's change in appearance.

[8] Further, absent evidence to the contrary, a judge is entitled to presume that an official would not tamper with the evidence.  Garcia, 718 F.2d at 1534.

11

V.

McNeal argues that the district court abused its discretion by admitting and playing for the jury a recording of a conversation between him and his brother.

We review a district court's ruling on authentication of a recording only for an abuse of discretion. United States v. Brown, 587 F.3d 1082, 1092 (11th Cir. 2009). The government has the burden of presenting sufficient evidence to show that a recording is an authentic reproduction of a conversation. Id. To authenticate a recording, the government must normally show "(1) the competency of the operator; (2) the fidelity of the recording equipment; (3) the absence of material deletions, additions, or alterations in the relevant part of the tape; and (4) the identification of the relevant speakers." Id. But if there is independent evidence of the recording's accuracy, we will be extremely reluctant to disturb the district court's decision, even where the government failed to fully authenticate the recording. Id. at 1092–93 (holding that the government presented independent evidence of accuracy when a law enforcement agent who overheard the original conversation testified that it was the same as the recording played at trial.)

The government presented independent evidence of the recording's accuracy when McNeal's brother — the other participant in the recorded conversation — established the identities of the persons on the recording, identified the recording as the conversation between him and McNeal, and testified independently to its

content.  See id. at 1092–93.  Admitting the recording was not an abuse of discretion.

**AFFIRMED**.